# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

———————

No. 17-40845
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

December 15, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAIME DUENAS-RODRIGUEZ, also known as Jose Salais, also known as Jaime Rodriguez,

Defendant-Appellant

———————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:13-CR-1383-1

———————————

Before PRADO, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Jaime Duenas-Rodriguez, federal prisoner # 57357-379, was convicted of being found in the United States following deportation, and he was sentenced to 100 months in prison, to be followed by a three-year term of supervised release. He now moves for leave to proceed in forma pauperis (IFP) to appeal the denial of his second motion seeking a sentence reduction pursuant to 18

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-40845

U.S.C. § 3582(c)(2), which he based on Amendment 802 to the Sentencing Guidelines.    The district court found that a sentence reduction was not authorized, concluded that the 18 U.S.C. § 3553(a) factors would not warrant a reduction even if authorized, and certified that Duenas-Rodriguez's appeal was not taken in good faith.

By moving to proceed IFP, Duenas-Rodriguez challenges the district court's good-faith certification.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).  Our inquiry into a litigant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)."  *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted).

Before this court, Duenas-Rodriguez repeats his assertion that he is entitled to a reduction under Amendment 802 to the Guidelines, which altered the enhancement provisions of the illegal reentry Guideline, U.S.S.G. § 2L1.2. However, as the district court found, the Sentencing Commission did not made Amendment 802 retroactive.  *See* U.S.S.G. § 1B1.10(d).  Thus, the district court correctly concluded that Duenas-Rodriguez was not eligible for a sentence reduction.  *See* § 1B1.10(a)(2)(A); *Dillon v. United States*, 560 U.S. 817, 826-27 (2010).

For the first time in his brief before his court, Duenas-Rodriguez challenges the validity of the 16-level sentencing enhancement he received under the 2013 version of § 2L1.2; he contends that pursuant to *Mathis v. United States*, 136 S. Ct. 2243 (2016), the state statutes of conviction were broader than the generic offense.  We do not consider new theories for relief raised for the first time on appeal.  *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999).    Moreover, *Mathis* is not a retroactive

2

No. 17-40845

amendment to the Guidelines, so Duenas-Rodriguez's claim may not succeed under § 3582(c)(2). *See* § 1B1.10(a)(2)(A); *Dillon*, 560 U.S. at 826-27.

Therefore, the district court did not abuse its discretion in denying relief on the § 3582(c)(2) motion. *See United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011). Duenas-Rodriguez's appeal does not involve any "legal points arguable on their merits." *Howard*, 707 F.2d at 220 (internal quotation marks and citations omitted). Accordingly, the motion to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.